# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILFRED GONZALEZ,

                    Plaintiff,

v.

TRACY HALL, DAN CROMWELL, and JOHN CONGDON,

                    Defendants.

Case No. 22-CV-184-JPS

**ORDER**

    Plaintiff Wilfred Gonzalez, an inmate confined at the Redgranite Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment and state law rights by subjecting him to excessive force. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.**     **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

    On February 28, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $48.16. ECF No. 6. Plaintiff paid that fee on March 15, 2022. The Court will grant Plaintiff's motion for leave to proceed without

prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on or about November 13, 2021, at approximately 3:57 p.m., he entered the restroom located on the F-south side of the building to relieve his bladder. ECF No. 1 at 2. Approximately two minutes later, Plaintiff exited the restroom and Defendant Sergeant Tracy Hall ("Hall") suddenly appeared, completely irate, on the other side of the restroom door. *Id.* Just as Plaintiff was crossing the threshold, Hall slammed the door shut and caught Plaintiff's left wrist. *Id.*

Plaintiff was in excruciating pain and uttered, "Ah," and then, "What the hell is your problem? You just slammed my wrist in the door" *Id.* Hall did not render any first aid, and instead screamed unsympathetically, "It is four o'clock, you are supposed to be in your cell already." *Id.* at 2-3. When Plaintiff walked away, Hall made the following comment verbatim to another inmate: "That's what you get for not being in your room at four o'clock." *Id.* at 3.

On or about November 14, 2021, Plaintiff had a conversation with Hall regarding the incident from the previous day. Plaintiff told Hall that he was experiencing severe pain in his left hand and wrist and that he could have her charged with assault. Hall responded by attempting to reverse the facts and stated that "she could get him for assault for pushing the door in her general direction in order to prevent her from breaking his wrist." *Id.*

On or about November 15, 2021, Plaintiff spoke to his social worker about the incident with Hall. *Id.* Upon speaking with his social worker, Plaintiff contacted the Unit Manager to report the November 13, 2021 incident. *Id.*

On November 16, 2021, the Unit Manager interviewed Plaintiff about the incident with Hall. *Id.* The Unit Manager sent Plaintiff to the Health Services Unit ("HSU") for treatment. *Id.* Prior to this point, Plaintiff had been afraid to seek medical attention due to the fact that HSU staff are known to take retaliatory actions against inmates who complain about correctional officer misconduct. *Id.* HSU provided Plaintiff with a wrist brace and over-the-counter pain medication relief. *Id.*

On or about November 16, 2021, Plaintiff submitted an "HSR" to HSU complaining about the situation and his injury. *Id.* at 4. On or about November 29, 2021, Plaintiff submitted an Institution Complaint (ICE), RGCI-2021-18032. *Id.* This complaint was dismissed with instructions to be referred to the Office of the Warden and Security for further review. *Id.*

On December 3, 2021, Plaintiff received a memo from Dr. Labby in HSU stating that the recent x-ray of his left hand was normal. *Id.* On January 2, 2022, Plaintiff forwarded another HSR to HSU stating that he was still experiencing pain in his left wrist from when it was slammed in the door. *Id.*

After being sent to the Office of the Warden for investigation, Hall was not held responsible for her actions. *Id.* Plaintiff further alleges that following his own assault, Hall was removed from her regular post on F-unit and placed on investigation for repeatedly calling another inmate of color the N-word. *Id.*

Plaintiff alleges that as a result of the aforementioned conduct he has suffered not only physical pain and injuries, but also psychological injuries as well. Plaintiff also alleges that he continues to suffer and has been subjected to retaliation. *Id.*

### 2.3 Analysis

Plaintiff alleges an Eighth Amendment excessive force claim against Hall. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). Taking Plaintiff's allegations as true, Hall's conduct could be viewed as excessive force. As such, Plaintiff may proceed on an Eighth Amendment claim against Hall for excessive force.

Plaintiff also alleges various state law claims against Hall. In Wisconsin, a battery, or assault and battery, is a common law tort, defined as an intentional contact with another that is unpermitted. *Estate of Thurman v. City of Milwaukee*, 197 F. Supp. 2d 1141, 1151–52 (E.D. Wis. 2002) (citing *McCluskey v. Steinhorst*, 45 Wis. 2d 350, 357 (1970)). At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a)

and will allow Plaintiff to proceed on a state law claim of assault and battery against Hall.

Plaintiff also alleges state law claims for emotional distress. "The general rule in Wisconsin is that, to recover for the *negligent* infliction of emotional distress, the plaintiff's emotional distress must be manifested by physical injury." *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1561 (7th Cir. 1991) (internal citations omitted) (emphasis added). For *intentional* infliction of emotional distress, a plaintiff must plead that the "defendant's conduct was so egregious that the average member of the community would regard the acts forming the basis for the claim as being a complete denial of the plaintiff's dignity as a person." *Id.* at 1559 (internal citations omitted). Here, Plaintiff has alleged both physical and emotional injuries. Construing the facts in the light most favorable to Plaintiff, the Complaint pleads conduct that, if true, is so egregious that it may form the basis of a claim for either negligent or intentional infliction of emotional distress. As such, the Court will allow Plaintiff to proceed on state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress against Hall.

Finally, Plaintiff alleges claims against Defendants Dan Cromwell ("Cromwell") and John Congdon ("Congdon") for their failure to train, failure to intervene, and for generally allowing an environment where staff members believe it is acceptable to behave like Hall did. ECF No. 1 at 6. However, the Complaint is void of any specific factual allegations regarding Cromwell's or Congdon's actions or lack thereof, and there is no supervisory liability under § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Plaintiff's conclusory allegations against Cromwell and Congdon are insufficient to state a claim upon which relief may be

granted. As such, the Court will dismiss Cromwell and Congdon from this action.

## 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Excessive force in violation of the Eighth Amendment against Hall;

**Claim Two:** Assault and battery against Hall;

**Claim Three:** Negligent infliction of emotional distress against Hall; and

**Claim Four:** Intentional infliction of emotional distress against Hall.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Dan Cromwell and John Congdon be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the Complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant Tracy Hall;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the Complaint within 60 days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why she intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $301.84 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust

account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.